IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT M. FINNEY, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | : CIVIL No: 5:22-CV-00011-MTT-CHW |
| LT. INGRAM, *et al.*, | : |
| | : PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff, Robert M. Finney, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF Nos. 2 and 8. Plaintiff's motions to proceed *in forma pauperis* are now **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. Upon preliminary review, Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendants Ingram and Bookum for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Tullis, Williams, Woods, and Owen be **DISMISSED without prejudice** for failure to state a claim.

1

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 3. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a copy of this Order to Hancock State Prison.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

I.   <u>Directions to Plaintiff's Custodian</u>

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby ORDERED that the warden of the institution wherein

3

Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

Plaintiff is an inmate at Macon State Prison. ECF No. 1 at 5. Plaintiff alleges that on October 23, 2021, he asked Lt. Ingram why he and his cellmate "haven't eating yet". Id. Plaintiff states he had his left arm hanging out of the tray flap and that Defendant Ingram then repeatedly slammed the tray flap onto his arm. Id. He then states that "Lt. Ingram gave Sgt. Bookum [an] order to shoot [him] in a dorm full of water on the floor" and Sgt. Bookum tazed him causing him to lose consciousness. Id.; ECF No. 1-1. Plaintiff further alleges that "all weekend we did not eat at all" and that "they gave us breakfast but not our peanut butter sandwich on our dinner trays period, 2 days of depriving us without food". *Id*. Plaintiff requests damages. *Id*. at 6.

6

III. <u>Plaintiff's Claims</u>

A. *Excessive force claim against Defendants Ingram and Bookum*

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id*. at 6. To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217

(11th Cir. 2009)).

Plaintiff alleges that Defendant Ingram repeatedly slammed his arm with the tray flap of his cell door. ECF No. 1 at 5. Plaintiff further alleges that Defendant Ingram then ordered Defendant Bookum to taze him while he was standing in water and that Defendant Bookum then did so causing the Plaintiff to lose consciousness. *Id*.; ECF No. 1-1. Plaintiff's Eighth Amendment claim against Defendants Ingram and Bookum for use of excessive force can proceed for further factual development.

> B. *Unspecified claims against Defendants Tullis, Williams, Woods, and Owens*

It is unclear why Plaintiff has named Defendants Tullis, Williams, Woods, and Owens as Defendants in this action. Plaintiff makes no allegations regarding these Defendants. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Accordingly, it is **RECOMMENDED** that Plaintiff's potential claims

8

as to Defendants Tullis, Williams, Woods, and Owens be **DISMISSED** without prejudice.

### C. *Claims regarding deprivation of food*

Plaintiff allegations regarding food deprivation are extremely vague and inconsistent. At one point, Plaintiff complains that around dinnertime on October 23, 2021, he asked Defendant Ingram why he and his cellmate had not received their food. ECF No. 1 at 5. He makes no assertion as to whether he had received any meals on that day. He then later claims "all weekend we did not eat not at all 23, 24 October" and then immediately and paradoxically states "they gave us breakfast but not our peanut butter sandwich on our dinner trays". *Id*. Moreover, he repeatedly uses the term they when referring to the "weekend "deprivation of food without stating who "they" are.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *see also Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation" (citations

omitted)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Iqbal*, 556 U.S. at 663. A complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678*; see also Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy").

Here, Plaintiff's complaint regarding food deprivation is too ambiguous and he does not attribute any constitutional violation to any named Defendant. Thus, it does not state a viable claim and is properly dismissed prior to service. *See* § 1915A(b); *Douglas*, 535 F.3d at 1322 (11th Cir. 2008) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1234, at 381–85 (3d ed 2004) ("[A] complaint will be held defective ... if [it] fails to connect the defendant with the alleged wrong.").

Accordingly, it is **RECOMMENDED** that Plaintiff's claim regarding deprivation of food as to all Defendants be **dismissed without prejudice.**

IV.   Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendants Ingram and Bookum for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Tullis, Williams, Woods and Owen be **DISMISSED without prejudice.** It is further **RECOMMENDED**, that Plaintiff's claims regarding deprivation of food be **DISMISSED without prejudice** for failure to state a claim against any of the Defendants.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendants Ingram and Bookum, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The

Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each

party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 2nd day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge